IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ANTHONY OLIVER, | : | |
| | : | |
| Plaintiff, | : | Case No. 5:24-CV-00426-TES-CHW |
| | : | |
| v. | : | |
| | : | |
| Commissioner TYRONE OLIVER, | : | |
| *et. al.*, | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U. S. Magistrate Judge |
| Defendant. | : | |

**ORDER AND RECOMMENDATION**

*Pro se* Plaintiff Anthony Oliver, a prisoner in Wheeler Correctional Facility in Alamo, Georgia, filed a civil rights complaint in the Superior Court of Monroe County, which the Defendants have removed to this Court. ECF No. 4. The action seeks declaratory and injunctive relief, as well as damages based on Defendants' alleged violations of the Americans with Disabilities Act and the Rehabilitation Act, the Fourteenth Amendments of the United States Constitution, and state law. It appears Plaintiff was able to serve her[1] complaint on Defendant Oliver. ECF No. 4-1 at 37. Although it does not appear that the complaint has been served upon any other Defendant, all Defendants have filed an answer. *Id*. at 41-57. Defendants also filed a

---

[1] Plaintiff interchangeably uses male and female pronouns in pleadings and motions. *See* ECF Nos. 4 and 6. However, Plaintiff identifies as a "transgender woman" and more often uses female pronouns. *See id*. Accordingly, the Court adopts Plaintiff's preferred usage of female identifiers.

notice of removal under 28 U.S.C. §§ 1441 and 1446 on behalf of all named Defendants and paid the $405.00 filing fee. ECF No. 4 at 1-4. This civil action is ripe for preliminary review.

Plaintiff has filed a motion requesting a "show cause" hearing. ECF No. 5. Plaintiff's request for a hearing is premature and is **DENIED** as such. Plaintiff has also filed a motion for a preliminary injunction. ECF No. 6. For the reasons set forth below, it is **RECOMMENDED** that the motion for preliminary injunction be **DENIED**.

## PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION

A preliminary injunction or temporary restraining order ("TRO") is a drastic remedy used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982). The standard for obtaining both types of relief is the same. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010) (per curiam). A movant seeking a preliminary injunction or a TRO must show: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (citations omitted); *see also Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam). "'A preliminary injunction is an extraordinary and drastic remedy

not to be granted unless the movant clearly establishes the "burden of persuasion" as to the four requisites.'" *All Care Nursing Serv., Inc. v. Bethesda Mem. Hosp., Inc.*, 887 F2d. 1535, 1537 (11th Cir. 1989) (citations omitted). Furthermore, the Prison Litigation Reform Act ("PLRA") mandates that injunctive relief is only appropriate where it is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). *See Thomas v. Bryant*, 614 F.3d 1288, 1318, 1324 (11th Cir. 2010).

Plaintiff has not met the burden of persuasion on all four requisites for obtaining injunctive relief. Specifically, Plaintiff has failed to establish that there is a substantial likelihood that she will prevail on the merits of her claim or that irreparable injury will be suffered unless the injunction issues. As to the substantial likelihood that she will prevail on her claims, federal law is unsettled as to whether "gender dysphoria" or "gender identity disorders" are qualifying disabilities under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). Particularly, the ADA excludes gender identity disorders from protection under § 12111. In 2022, the Fourth Circuit carved out an exception for gender dysphoria manifested through physical impairments as a qualifying disability under the American Disabilities Act. *Williams v. Kincaid*, 45 F.4th 759, 770 (4th Cir. 2022). It is the only Circuit Court to have done so. There is a considerable amount of litigation, and executive branch actions are presently evolving as to whether gender dysphoria is a qualifying disability under the ADA. *See State of Texas, et al. v. Becerra*, Case No. 5:24-cv-00225-H (N.D. Tx., filed Sep. 26, 2024);

3

Nondiscrimination on the Basis of Disability in Programs or Activities Receiving Federal Financial Assistance; Clarification, 90 Fed. Reg. 15412 (Apr. 10, 2025) (issuing the opinion of the U.S. Department of Health and Human Services that gender dysphoria is not a qualifying disability under the ADA). The Eleventh Circuit has also recently held that persons identifying as transgender are not a suspect class for Equal Protection purposes and has denied the Equal Protection claims of transgender persons. *See, e.g. Corbitt v. Sec'y of the Ala. L. Enf't Agency*, 115 F.4th 1335, 1341 (11th Cir. 2024); *Eknes-Tucker v. Governor of Alabama*, 114 F.4th 1241, 1262 (11th Cir. 2024) (affirmatively stating in the concurrence that "transgender status is not a classification protected by the Equal Protection Clause."). Given the state of the law, Plaintiff has not shown at this early stage in litigation that there is a substantial likelihood that Plaintiff will prevail on the merits of her claims.

In order to establish the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." *Northeastern Fla. Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville, Fla.,* 896 F.2d 1283, 1285 (11th Cir.1990) (quoting *Tucker Anthony Realty Corp. v. Schlesinger,* 888 F.2d 969, 973 (2d Cir.1989)); *see also Church v. City of Huntsville,* 30 F.3d 1332, 1337 (11th Cir.1994) (In order to obtain injunctive relief, a plaintiff must show "a real and immediate—as opposed to a merely conjectural or hypothetical-threat of *future* injury."). At the pleading stage, Plaintiff's speculative and conclusory allegations are insufficient to establish a substantial likelihood of irreparable injury should she not be allowed to be transferred immediately and specifically to a transitional center. *See Bruce*

*v. Reese*, 431 F. App'x 805, 807 (11th Cir. 2011) (affirming the denial of a preliminary injunction when the inmate did not provide any facts indicating that he would suffer further injury); *Knop v. Gordy*, No. 5:16cv1356, 2017 WL 5078056, at *10 (N.D. Ala. July 20, 2017) (denying a preliminary injunction because the prisoner-plaintiff failed to present "specific facts which demonstrate[d] he face[d] real, immediate, and irreparable injury").

Plaintiff seeks the extraordinary remedy of a transfer to a different state facility, which is an unavailable remedy for several reasons. First, state prisoners do not have a federal constitutional right as to which state facility they are to be incarcerated in to serve their sentences. *See, e.g., Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Sanchez v. McCray*, 349 F. App'x 479, 481-82 (11th Cir. 2009) *citing Meachum*, 427 U.S. at 224 (determining that an inmate had "no constitutionally protected liberty interest in being housed in a certain prison or a certain section within a prison."); *Al-Amin v. Donald*, 165 F. App'x 733, 739 (11th Cir. 2006) (citing *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), modified on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)) ("[T]he transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence."). Prisoners have no constitutional right to be classified at a specified security level. *See Kramer v. Donald*, 286 F. App'x 674, 676 (11th Cir. 2008); *Moody v. Daggett*, 429 U.S. 78 (1976) (prison officials have full discretion to control prisoner classification) (citing 18 U.S.C. § 4081)). Additionally, the federal courts have found that a prisoner's exclusion from enrollment in any educational or rehabilitative program is not violative of

5

a plaintiff's constitutional rights. *See, e.g.*, *Moody*, 429 U.S. at 88 n.9 (prisoners have "no legitimate statutory or constitutional entitlement sufficient to invoke due process" in participating in a prison's rehabilitative programs); *Biester v. Lanier*, 249 F. App'x 782, 783 (11th Cir. 2007) (prisoner does "not have a liberty interest in parole, transitional centers, or work incentive credits."); *Santos v. Hutto*, No. 2:09-CV-135-TMH, 2009 WL 1405518, at *3 (M.D. Ala. May 19, 2009) (finding "Plaintiff, ... as an inmate in the … prison system has no state-created liberty interest which entitles him to participation in favorable prison programs…"). "[F]ederal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States." *Fano*, 427 U.S. at 229 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 491-492 (1973)). Indeed, "a federal court must not unnecessarily involve itself in matters of prison administration." *Osterback v. Kemp*, 300 F.Supp.2d 1238, 1251 (N.D. Fla. 2003) (citation omitted).

Stated simply, a district court may not force the transfer of an inmate from one facility to another. Plaintiff's requested temporary relief of an order of this Court to immediately transfer her to a transitional center is impermissible and it is certainly a greater remedy than the relief she could ultimately receive should she ultimately prevail in this action. *See Gomez v. United States*, 899 F.2d 1124, 1127 (11th Cir. 1990) (explaining that litigants are not entitled to greater temporary remedies than they would be entitled to as the ultimate prevailing party).

For all the reasons set forth, it is **RECOMMENDED** that Plaintiff's request for the preliminary injunctive relief of a transfer to a transitional center be **DENIED**.

# PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I. Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a); *see also Vargas v. Dep't of Corr.*, 2007 WL 2908572, at *1 (N.D. Ga. 2007) (citing *Mitchell v. Brown and Williamson Tobacco Corp.*, 294 F.3d 1309 (11th Cir. 2002) for the proposition that the Eleventh Circuit approved the "district court's frivolity screening of prisoner civil action which had been removed from state court"); Fed R. Civ. P. 81(c)(1)-(2) (providing that the Federal Rules of Civil Procedure apply after an action is removed to federal court).

"*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300,

1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.   Factual Allegations

According to the Complaint, Plaintiff is "a [Georgia Department of Corrections] inmate classified as transgender". ECF No. 14-1 at 7. Plaintiff "was diagnosed with gender dysphoria" in 2015. *Id*. at 11. Plaintiff states that she has met the requirements to be transferred to a transitional center. *Id*. at 10. Plaintiff complains that she has been denied a transfer to a transitional center because the Defendants have a policy that prohibits transgender prisoners from entry into transitional centers. *Id*. at 12-15. Plaintiff raises discrimination claims under the ADA and RA. *Id*. at 18-22. Plaintiff raises violation of Equal Protection Claims under both the Fourteenth Amendment of the United States Constitution and the State of Georgia Constitution. *Id*. at 23-26. Finally, Plaintiff raises a "Negligence under Georgia State Law" claim. *Id*. at 26-27. Plaintiff seeks declaratory and injunctive relief as well as damages. *Id*. at 28-29.

III.   Plaintiff's Claims

A.   ADA and RA claims against All Defendants

Plaintiff's raises claims under the ADA and the RA. ECF No. 4-1 at 18-22. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The RA similarly provides that, "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. §

9

794(a). State agencies and prisons are considered to be "public entities" which may be sued under the ADA and RA, *see United States v. Georgia*, 546 U.S. 151, 154 (2006), and the claims under these statutes are governed by very much the same standard, *Cash v. Smith*, 231 F.3d 1301, 1305 & n.2 (11th Cir. 2000). Thus, to state a claim under the ADA or RA,

> a plaintiff generally must prove (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability.

*Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007).

Plaintiff has alleged that she has gender dysphoria, that gender dysphoria is a qualifying disability under the ADA and RA, and that the Defendants have a policy that excludes her from transferring to a transitional center based upon her disability. ECF No. 4-1 at 18-22. Thus, it appears that Plaintiff has alleged sufficient facts to allow her to proceed on her ADA and RA claims for further factual development. *See, e.g., Kincaid*, 45 F.4th at 765-774.

A question remains, however, as to whether the entity or individuals named by Plaintiff are proper defendants to these claims. As relevant here, state agencies and prisons are considered to be "public entities" that may be sued under the ADA. *United States v. Georgia*, 546 U.S. 151, 154, (2006); § 12131(1). Thus, it appears that Plaintiff's ADA and RA claims are appropriately raised against a named state agency, the Georgia Department of Corrections. Insofar as Plaintiff names the remaining defendants in their

10

official capacities (ECF No. 4-1 at 18, 22), such claims are construed as claims against the state. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (explaining that "[s]uits against state officials in their official capacities . . . should be treated as suits against the State"). In this regard, any claims against the individual defendants named in their official capacities are redundant in light of the claims against the Georgia Department of Corrections.

To the extent that Plaintiff has named the remaining Defendants in their individual capacities (ECF No. 4-1 at 22), claims against individuals are not permitted under the ADA or RA. *See, e.g., Badillo v. Thorpe*, 158 F. App'x 208, 211 (11th Cir. 2005) (per curiam) (recognizing that there is no individual liability under either the ADA or the RA); *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1172 (11th Cir. 2003) (recognizing that individuals employed by a correctional facility are not public entities capable of being sued under the ADA). Dismissal of Plaintiff's ADA and RA claims against Defendants Oliver, Mantle, and Lewis is therefore appropriate.

Accordingly, Plaintiff will be allowed to proceed on the ADA and RA claims against the Georgia Department of Corrections for further factual development, but it is **RECOMMENDED** that the ADA and RA claims against Defendants Oliver, Mantle, and Lewis in their official and individual capacities be **DISMISSED WITHOUT PREJUDICE**.

    B.    <u>Fourteenth Amendment Equal Protection Claim against Defendants Oliver, Mantle, and Lewis</u>

Plaintiff raises an Equal Protection Claim under the Fourteenth Amendment of the United States Constitution against Defendants Oliver, Mantle, and Lewis. ECF No. 4-1

at 23-25. The Equal Protection Clause of the Fourteenth Amendment provides: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. A claim under the Equal Protection Clause requires a plaintiff to "demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Sweet v. Sec'y Dep't of Corr.*, 467 F.3d 1311, 1318-19 (11th Cir. 2006). It is not enough that the alleged action "results in a . . . disproportionate impact." *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 256 (1977). "Proof of [ ] discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Id*.

Plaintiff alleges that the Defendants have a policy forbidding transgender inmates from participation in transitional centers, that they have "discriminated against Ms. Oliver because of sex, sex stereotyping and/or gender identity," and that they have subjected her to discrimination "by purposefully misgendering her and delaying her participation in a beneficial workforce program in GDC." ECF No. 4-1 at 12-15, 24. Plaintiff further alleges that she is otherwise qualified for placement in a transitional center and that other inmates who are not transgender and with even fewer qualifications than herself have been transferred to a transitional center. *Id*. at 13-14. Plaintiff alleges that the Defendants acted willfully, maliciously, intentionally, and with a "conscious disregard of the rights, welfare, and safety of Ms. Oliver." *Id*. at 25.

At this early stage, such allegations are sufficient to allow Plaintiff's equal protection claims against Defendants Oliver, Mantle, and Lewis to proceed for further factual development.

C.  State law claims

Plaintiff further raises state law claims. ECF No. 4-1 at 25-27. Although it has been determined that some of Plaintiff's federal claims against the Defendants shall proceed for further factual development, it is possible that the federal claims may fail if faced with a motion to dismiss or a motion for summary judgment. In the event that the federal claims over which the Court has original jurisdiction is dismissed, the Court will likely decline to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c)(3). As continued federal jurisdiction over Plaintiff's state law claims remains an unsettled issue, it is unnecessary and inappropriate to address such claims at this early stage of the case.

IV.  Conclusion

Plaintiff's motion for a hearing (ECF No. 5) is **DENIED** as premature. It is **RECOMMENDED** that Plaintiff's motion for a preliminary injunction (ECF No. 6) be **DENIED**. It is also **RECOMMENDED** that Plaintiff's ADA and RA claims against Defendants Oliver, Mantle, and Lewis be **DISMISSED without prejudice** under 28 U.S.C. § 1915A for failure to state claims upon which relief may be granted.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III., United

13

States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE[2]

Having found that Plaintiff has made colorable claims against all Defendants, it is accordingly **ORDERED** that service be made upon Defendants who were not previously served (Georgia Department of Corrections, Kenneth Mantle, and Sharon Lewis) and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the PLRA. Defendants are reminded of the duty to avoid unnecessary

---

[2] Plaintiff is not proceeding *in forma pauperis* because Defendants removed this action to federal Court and paid the filing fee. ECF No. 4. Additionally, the record indicates there may have been difficulty perfecting service on several Defendants. ECF No. 4-1 at 38. Rather than delaying this action any further, the Court determines that it will serve Defendants Georgia Department of Corrections, Mantle, and Lewis as if Plaintiff was proceeding *in forma pauperis*. *See generally Hargreaves v. Kemp*, No. 5:22-CV-400-MTT-CHW, 2023 WL 11996113, at *10 (M.D. Ga. Apr. 18, 2023), *report and recommendation adopted*, No. 5:22-CV-400 (MTT), 2023 WL 11997051 (M.D. Ga. May 16, 2023); *Harpo v. Intermark Mgmt. Corp.*, No. CV121-087, 2022 WL 1025193, at *1 (S.D. Ga. Apr. 6, 2022) (citation omitted).

service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff is also advised that she must diligently prosecute her Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants is similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of

each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with the custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of this lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of

Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 17th day of April, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
