IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANTHONY J. OLIVER, : | |
| : | |
| Plaintiff, : | |
| : | Case No. 5:24-cv-00426-TES-CHW |
| v. : | |
| : | |
| TYRONE OLIVER, *et al.* : | |
| : | Proceedings Under 42 U.S.C. § 1983 |
| Defendants. : | Before the U.S. Magistrate Judge |

### ORDER

*Pro se* Plaintiff Anthony Oliver originally filed this suit in the Superior Court of Monroe County, and Defendants removed the case to this Court. (Doc. 4). Following screening of the complaint, Plaintiff's equal protection claims against Defendants Oliver, Mantle, and Lewis and her ADA and RA claims against the Georgia Department of Corrections were allowed to proceed for factual development. (Docs. 10, 21). Several motions are now pending before the Court.

*Motion to Proceed as Pseudonym and Anonymously (Doc. 20)*

The claims in this case arise from Plaintiff's transgender status. Plaintiff, who uses female pronouns, states that she is being targeted and retaliated against based on the claims in this case and requests that she be allowed to proceed anonymously or under a pseudonym. (Doc. 20). Defendants oppose the motion. (Doc. 21). For the reasons that follow, Plaintiff's motion is **DENIED**.

As both parties acknowledge, there is a strong presumption under Rule 10(a) of the Federal Rules of Civil Procedure that parties to a case will proceed under their own names.

Rule 10(a) of the Federal Rules of Civil Procedure requires that the "…title of the complaint must name all the parties [and] the title of other pleadings, after naming the first party on each side, may generally refer to other parties." A party may however proceed anonymously "by showing that he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Plaintiff B. v. Francis*, 631 F.3d 1310, 1316-1316 (11th Cir. 2011) (cleaned up).

There are several factors that courts weigh in deciding if a party may proceed anonymously. First, courts consider a three-factor test which asks three questions: "First, are the plaintiffs seeking anonymity challenging governmental activity? Second, will they be required to disclose information of the utmost intimacy? Third, will the plaintiffs be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution?" *Id*. at 1316 (labeling these factors as the "SMU test" derived from *South Methodist Univ. Ass'n of Women Law Students v. Wynn & Jaffee*, 599 F.2d. 707 (5th Cir. 1979)). After the *SMU* test is considered, courts also look to whether other contexts support proceeding anonymously, such as whether the plaintiff is a minor, whether the plaintiff is threatened with violence or harm by proceeding in the plaintiff's own name, and whether anonymity creates a fundamental unfairness to a defendant. *Id*. Consideration of these factors is a "'totality-of-the-circumstances question.'" *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020).

Under the totality of the circumstances, anonymity is not warranted in this case. The first of the SMU factors, that Defendants include a government agency, rarely weighs in favor of a request for anonymity. *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). As to the second factor, in some cases involving mental illness, homosexuality, and transsexuality, plaintiffs have been allowed to proceed anonymously. *See id*. (collecting cases). Anonymity is not automatic in such cases, however. Plaintiff cites a history of assault while in prison, along with the stigma, discrimination, and other harm that transgendered status may bring. (Doc. 20, p. 4). Although Plaintiff's transgendered status is an intimate detail, perhaps even more so as it regards a state inmate, using her own name to prosecute this case would not increase or foster the concerns Plaintiff raises. Plaintiff's argument suggests that she should proceed anonymously simply by virtue of her transgender status, but Plaintiff has already made this status public by voluntarily initiating suit in her own name. As Defendants accurately point out, this is not the first case involving her transgendered status that Plaintiff has filed in her own name. (Doc. 27, p. 2). As recently as September 8, 2025, Plaintiff initiated a case this Court in her own name in which she discloses her transgendered status. *See Oliver. v. Ga. Dept. of Corrections*, 7:25-cv-120-WLS-ALS (M.D. Ga. Sept. 24, 2025).[1] This history undermines Plaintiff's stated concerns about proceeding in her own name. Under the totality of the circumstances, Plaintiff's transgendered status does overcome the presumption that plaintiffs should proceed in a lawsuit in their own name. Plaintiff's motion (Doc. 20) is **DENIED**.

---

1 This case has not yet been screened under the PLRA.

*Motion Requesting Telephone Conference or Order to Show Cause (Doc. 29)*

*Motion for Hearing/Motion to Stay Case (Doc. 38)*

Plaintiff has filed two letters with the Court that have been docketed as motions. (Docs. 29, 38). In the first, Plaintiff requests a telephone conference or an order to show cause concerning her beliefs that defense counsel is directing prison officers to obstruct her access to the law library and other tools to prosecute this case and that defense counsel failed to convey a settlement offer to Defendants. (Doc. 29). In the second, Plaintiff again complains about library access or other issues, such as mail delays, that she blames on the prison, defendants, and defense counsel. (Doc. 38). Neither motion has merit, and both are **DENIED**.

Plaintiff states that she conveyed a settlement offer (offering to dismiss this suit upon transfer to a transitional center), but the offer was ignored by defense counsel. (Doc. 29). The Court has explained to Plaintiff that a transfer to a certain facility is not an available remedy in this case and is not within the Court's authority to order. (Doc. 10, p. 5). Moreover, defense counsel has explained that the settlement was conveyed and subsequently rejected. (Doc. 31, p. 2).

As to claims regarding law library access or other obstructions to the litigation of this case, as described in both motions (Docs. 29, 38), Plaintiff has not shown that that she is being denied access to court. "Providing access to law libraries is one way of assuring the constitutional right of access to the courts." *Akins v. U.S.*, 204 F. 3d 1086, 1090 (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). However, "[t]he mere inability of a prisoner to

4

access the law library is not, in itself, an unconstitutional impediment" to Plaintiff's access to court. *Akins*, 204 F.3d at 1090. Instead, Plaintiff must show an injury from the alleged lack of law library access. *See Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008) (setting out that a prisoner must allege actual injury to a qualified legal action). To show actual injury, "a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." *Wilson v. Blankenship*, 163 F.3d 1284, 1290-91 (11th Cir.1998); see also *Bass v. Perrin*, 170 F.3d 1312, 1320 n.13 (11th Cir. 1999) (citing *Wilson*, 163 F.3d at 1290) (stating "plaintiffs must show 'actual injury'- in other words, the plaintiffs must demonstrate that they had a legitimate claim that they were unable to pursue due to the prison's restrictions").

The docket undermines Plaintiff's suggestion that a lack of access to the law library or other materials has made her unable to litigate this case. Plaintiff has served discovery on Defendants and, as further demonstrated by this order, she has filed numerous letters and motions with the Court. Plaintiff cannot show that a lack of law library access or any other event as alleged in the motion has caused her to be unable to pursue her case. For the reasons explained above, there is nothing to resolve at a hearing and a stay is not warranted. Plaintiff's motions (Doc. 29, 38) are **DENIED**.

*Motions for Order Compelling Discovery (Docs. 39, 40)*

Plaintiff has filed two identical motions to compel discovery, arguing that Defendants have failed to answer discovery requests that were served over two months

ago. Plaintiff is not entitled to relief. This Court does not entertain motions to compel absent a certificate that the movant first attempted to confer, in good faith prior to filing the motion, with the opposing parties to seek the requested information without court action. Fed. R. Civ. P. 37; Local Rule 37. Plaintiff's motion is silent about any attempt to resolve this issue with defense counsel prior to filing the motion. Defendants' response confirms that Plaintiff made no such attempt. (Doc. 41). Based on the foregoing, Plaintiff's motions to compel (Docs. 39, 40) are **DENIED**.

In their response, Defendants have explained to the Court that they are endeavoring to fully answer Plaintiff's discovery and that some responses have already been provided. (Doc. 41). Defense counsel has also offered to provide additional copies to Plaintiff if needed. In light of defense counsel's assurance that full discovery responses are forthcoming, and that discovery is being reopened and extended, no further direction is needed from the Court at this time.

*Motion for Extension of Time to Complete Discovery (Doc. 42)*

Defendants have requested that discovery be reopened and extended to accommodate fully answering Plaintiff's discovery and scheduling her deposition. (Doc. 42). Defendants' motion is **GRANTED**. The discovery period is reopened and extended until November 21, 2025. Dispositive motions will be due December 22, 2025.

**SO ORDERED**, this 9th day of October, 2025.

                                                s/ Charles H. Weigle
                                                Charles H. Weigle
                                                United States Magistrate Judge