IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANTHONY OLIVER,<br><br>    *Plaintiff,*<br><br>v.<br><br>TYRONE OLIVER, *et al.,*<br><br>    ***Defendants.*** | CIVIL ACTION NO.<br>5:24-cv-00426-TES |

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS**

On November 5, 2025, Pro Se Plaintiff Anthony Oliver filed a Motion to Dismiss Action Without Prejudice. [Doc. 44]. In her motion, Plaintiff cites Rule 41(a)(i)(A)(1) of the Federal Rules of Civil Procedure. [*Id.* at p. 1]. However, the Court notes that Rule 41(a)(i)(A)(1) does not exist. Plaintiff likely meant to cite Rule 41(a)(1)(A)(i). Fed. R. Civ. P. 41(a)(i)(A)(1).

Rule 41 allows a plaintiff to voluntarily dismiss an action under certain circumstances. The provision Plaintiff cited here allows her to voluntarily dismiss the action without prejudice by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" *Id.* However, this provision is inapplicable here because the Defendants have served an answer. *See* [Doc. 1-1, p. 57]. In fact, this case has proceeded almost through the close of discovery. [Doc. 43]. Therefore, Plaintiff cannot move to dismiss under Rule 41(a)(i)(A)(1).

With that said, pro se pleadings are to be construed liberally. *United States v. Garcia*, 770 F. App'x 511, 514 (11th Cir. 2019). Therefore, the Court construes Plaintiff's motion as brought under Rule 41(a)(2), rather than 41(a)(1). *Cf. Simmons v. McDonough*, No. 4:06-cv-00245-MP-WCS, 2007 WL 1308678, at *3 (N.D. Fla. May 3, 2007); *U.S. v. Quezada*, 439 F. App'x 824, 827 (11th Cir. 2011). Rule 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A court will grant a motion for voluntary dismissal unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." *City of Jacksonville v. Shoppes of Lakeside, Inc.*, No. 3:12-cv-850-HES-MCR, 2025 WL 2988771, at *3 (M.D. Fla. Jan. 17, 2025) (internal citations omitted). Here, Defendants will not suffer clear legal prejudice, so the Court **GRANTS** Plaintiff's motion to dismiss. This case is hereby **DISMISSED without prejudice**.

**SO ORDERED**, this 7th day of November, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**